JOHN D. MOORE, APPELLANT, v. WILLIAM H. BRINK AND CHARLES F. KING, ADMINISTRATORS, ETC., RESPONDENTS.*

*Joint stock companies — Copartnerships — Chap. 258 of 1849 — Chap. 153 of 1853 — liability of stockholders under — Representatives of deceased stockholder — when action can be maintained against.*

In the absence of any legislation regulating the liability of members of voluntary joint stock companies or associations, they are to be treated as partnerships, and the members are individually liable for the debts of the association.

By the provisions of chapter 258 of the Laws of 1849, as amended by chapter 153 of the Laws of 1853, the right to sue the members or stockholders individually, after judgment and execution against the company, is reserved to its creditors. If one of the members die, the creditor must first pursue his remedy against the survivors.

APPEAL from a judgment in favor of defendants, entered upon the decision of the court on a trial without a jury.

*W. B. Ruggles*, for the appellant. On the death of John Brink, his stock in the Savona Union Store passed to his administrators,

* Decided at the January term, 1875.

the defendants, who thereby became, by operation of law, stock-holders, subject to the burdens incident to its ownership. (*Bailey* v. *Hollister*, 26 N. Y., 112; *Matter of North Shore Staten Island Ferry Co.*, 63 Barb., 556; *Diven* v. *Duncan*, 41 id., 524; Rev. Stat., part 2, chap. 6, tit. 3, art. 1, § 6; 2 Edm., 84, 85; Laws of 1869, chap. 157.) The statute makes that liability a joint and several individual liability. After execution against the company, returned unsatisfied, "suits may be brought against any or all of the shareholders or associates individually." (Act of 1849, chap. 258, as amended by chap. 153, Laws of 1853; 4 Edm., 650.) The reason of the rule requiring partnership creditors to exhaust their remedy against the survivors before suing the personal representatives of a deceased partner, does not exist in joint stock companies. (Collyer on Part., § 129 [3d Am. ed.]; Story on Part., § 346, and note; *Case* v. *Abeel*, 1 Paige, 393; 17 N. Y., 354.)

*Rumsey & Miller*, for the respondents. No suit can be maintained upon a partnership liability against the legal representatives of a deceased partner until the surviving partners have first been sued and execution against them returned unsatisfied, or unless they are insolvent. (*Voorhees* v. *Child's Exrs.*, 17 N. Y., 354, 357; *Hoyt* v. *Bonnett*, 50 id., 538, 545.) The common-law rule was that unincorporated joint stock associations are partnerships. (Parsons on Part., 544; *Tappan* v. *Bailey*, 4 Metc., 529, 535; *Wells* v. *Gates*, 18 Barb., 554, 556; *Holmes* v. *Higgins*, 8 E. C. L., 28; *Bridenbecker* v. *Hoard*, 32 How. Pr., 289.) The shareholders must be sued jointly and survivors must be sued first. The provision that they shall be individually liable does not make them severally liable. (*Allen* v. *Sewall*, 2 Wend., 327, 338; *Moss* v. *Oakley*, 2 Hill, 269; *Bailey* v. *Bancker*, 3 id., 188, 190.) Nor are they made severally liable because the statute permits any or all to be sued. These words are qualified by the words, "as now provided by law," and they mean "some or an indefinite number." (*Witherhead* v. *Allen*, 28 Barb., 666.) The death of one joint obligor renders his survivors only primarily bound, and the executors cannot be proceeded against in the first instance. (*Fielden* v. *Lahens*, 6 Blatch., 524; *Richter* v. *Poppenhausen*, 42 N. Y., 373, 376.)

MULLIN, P. J.:

The Savona Union Store was a voluntary joint stock association, that carried on the mercantile business at Savona, in the county of Steuben, and was composed of more than seven members who were stockholders therein. On the 15th August, 1858, said company became indebted to Chester Whitaker, in the sum of $644.17, on which certain payments were made. In 1866, the plaintiff, to whom the aforesaid indebtedness had been assigned, brought an action in this court to recover said indebtedness, and in July of that year recovered a judgment against said company for $464.17 damages, besides costs. An execution was duly issued on this judgment and returned wholly unsatisfied. John Brink was a member of said company from August, 1858, until his death in July, 1872. The defendants were appointed administrators of his estate, and took upon themselves the duty of said office. The plaintiff, after the appointment of said administrators, brought this action against them to recover the said indebtedness, upon the ground that they had become owners of the stock held by their intestate at the time of his death, and were therefore liable as stockholders in said company. The learned judge who tried the cause, held that the action could not be maintained, until the plaintiff had exhausted his remedy against the surviving members of said company, and as that had not been done he dismissed the complaint.

The only question before us is, whether this ruling of the learned judge was right. In the absence of any legislation regulating the liability of members of these voluntary joint stock companies or associations, they are to be treated as partnerships, and the members individually liable for the debts of the association.

The legislature in 1849 passed an act (chap. 258 of the Laws of that year), providing that any joint stock company consisting of seven or more members, might sue and be sued in the name of the president or treasurer, and that suits so brought should have the same force and effect, as regarded the joint rights, property and effects of said company, as if prosecuted in the names of all the shareholders in the manner provided by law. It was further provided, that no suit so commenced should abate by reason of the death or resignation of the officer in whose name it was brought. It was further provided that the officer in whose name the action

was brought should not be personally liable upon the judgment recovered against him, nor should he be exempt from any liability he might be under as a member of said company. By the fourth section of said act, it was declared that nothing contained in it should be construed to deprive any plaintiff of the right, after judgment against the company, to sue all or any of the shareholders individually, as is provided by law, or of the right to proceed in the first instance against the persons composing such company, in the manner now provided by law. The fifth section provided that nothing in said act should be construed to confer on joint stock companies any of the rights or privileges of corporations, except as therein specially provided.

In 1853 another act was passed, amending the act last referred to (chap. 153 of the Laws of that year), and by the fourth section such former act was amended by providing that after judgment against the company and execution thereon is returned unsatisfied in whole or in part, suits may be brought against any or all of the shareholders individually, as now provided by law. The remaining provisions have no bearing on the question under consideration and therefore omitted.

In view of the provisions of the fourth section of the act of 1849, as it was passed, and as it is amended, it is manifest that whether joint stock companies are or are not corporations, the right to sue the members or stockholders individually, after judgment and execution against the company, is reserved to the creditor of the company, as that right existed at the time of the passage of the act of 1849. At that time, joint stock companies, unless exempt by some special law, were mere partnerships, and must have been proceeded against as such. And if one of the partners died, the creditor must proceed against the surviving members before an action could be maintained against the representatives of the deceased partner. (See cases collected in 4 Abb. Dig., 738, 739, §§ 397–405.)

The judgment is right, and should be affirmed.

Judgment affirmed.